IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Van Connor, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Independent Order of Foresters, One Life America, Inc., Niche Market Insurers Agency, Inc., and Mark Adams, <br><br> Defendants. | Civil Action No. 6:19-cv-03283-DCC |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS
MOTION FOR AN INTERLOCUTORY APPEAL**

"An interlocutory appeal under § 1292(b) is the exception, not the rule. Accordingly, it 'should be used sparingly,' and the party seeking its application must persuade the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Coal. For Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, No. CCB-06-2773, 2015 U.S. Dist. LEXIS 83741, at *8 (D. Md. June 29, 2015) *quoting Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Here, Independent Order of Foresters, One Life America, Inc. and Mark Adams ("Defendants") request for an interlocutory appeal falls short of this standard.

**STANDARD**

Under § 1292(b), a Court of Appeals may consider whether to permit an interlocutory appeal only after a district judge certifies in writing that the issue presented from

the non-final order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation. *See* 28 U.S.C. § 1292(b). All three elements must be satisfied to obtain an interlocutory appeal. *See Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

## ARGUMENT

### I.     The Defendants have not met their burden to demonstrate that there is a substantial difference of opinion.

The Fourth Circuit has stated that § 1292(b) should be used sparingly and its requirements strictly construed. *See Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Indeed, "[t]he Supreme Court has explained that only 'exceptional circumstances' can 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)).

Here, the Defendants acknowledge the long line of case law supporting this Court's decision. The Defendants' citation to one decision disagreeing with this Court's opinion does not create a substantial difference of opinion. The mere fact that district courts (whose opinions are not binding in this Court) may not be universally aligned on an issue does necessarily mean that there exists a substantial ground for difference of opinion. *See, e.g.*, *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993) (finding no substantial ground for difference of opinion despite conflicting district court opinions). Rather, "the district

court has a duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Ga. State Conference of NAACP v. Fayette Cty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013).

> As this Court explained in its decision denying the Defendants' motion to dismiss:
>
>> Because the moving Defendants' arguments fall short of overcoming the highly persuasive on-point authority of the plurality's footnote, and because Plaintiff's position is consistent with the logic of *AAPC*'s majority holding and the law on severance, the Court finds that enforcement of the TCPA's robocall restriction against non-government-debt collectors between 2015 and 2020 does not violate the Constitution. In so finding, the Court joins with the vast majority of other federal district courts, both in this circuit and elsewhere, to have considered the issue.

*See* ECF No. 162 at *10. Indeed, in its decision, this Court cited at least 19 decisions since December of 2020 to have adopted the position of the Plaintiff and this Court. *Id.* at *10. The reasoning of this Court and the "vast majority of other federal district courts" supports the same position that there is not a "substantial difference of opinion" to justify a further stay of this litigation, which was filed nearly two years ago now and is progressing toward the end of discovery.

> **II.     As another federal district court has held while denying a nearly identical motion, the putative class claims will continue regardless of the resolution of this question.**

As another federal district court recently held, a defendant's appeal in a TCPA case similar to this one would not fully resolve the litigation or present the "exceptional situation" required for an interlocutory appeal. As this Court explained in *Shen v. Tricolor Cal. Auto Grp.,*

*LLC,* No. CV 20-7419 PA (AGRx), 2021 U.S. Dist. LEXIS 60369, at *3-8 (C.D. Cal. Feb. 11, 2021):

> In AAPC, a divided Court concluded that the TCPA's government debt exception was an unconstitutional content-based restriction on speech because it "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment." 140 S. Ct. at 2344. Specifically, a three-Justice plurality, authored by Justice Kavanaugh, and joined by Chief Justice Roberts and Justice Alito, concluded that the government debt exception failed strict scrutiny, but could be severed from the remainder of § 227(b)(1)(A)(iii) to preserve the general ban on robocalls. Justice Sotomayor concluded that the government debt exception failed intermediate scrutiny, agreed that the provision was severable, and concurred in the judgment. Justices Breyer, Ginsberg, and Kagan would have concluded that the government debt exception was constitutional, but concurred in the judgment with respect to severability, while Justice Gorsuch, joined by Justice Thomas, concurred in the judgment that the government debt exception was unconstitutional, but for different reasons than those relied upon by Justice Kavanaugh, and dissented from Justice Kavanaugh's severability analysis and remedy.
>
> In its Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant asserted that the Court lacks subject matter jurisdiction over the action as a result of the AAPC decision. According to Defendant, the Supreme Court's severance of the government debt exception acts prospectively, and that it could not have violated a statutory provision that contained an unconstitutional content-based restriction at the time it made the calls to Plaintiff's cell phone.
>
> The Court concluded, [*5] as an initial matter, that even if Defendant was correct that the TCPA cannot be constitutionally applied to it for robocalls made prior to the Supreme Court's AAPC decision, Plaintiff's claim for violation of the TCPA is not "wholly insubstantial and frivolous" for subject matter purposes. Instead, this Court reasoned that the 1st AC asserts a violation of a federal statute over which the Court possesses subject matter jurisdiction, and although the calls to Plaintiff's cell phone occurred prior to the Supreme Court's July 6, 2020 issuance of the AAPC decision, the 1st AC is asserted on behalf of a putative class with an alleged class period extending through the date of class certification, which has not occurred yet and therefore encompasses a time period during which Defendant admits that the TCPA may be constitutionally enforced against it. The Court therefore possesses subject matter jurisdiction over this action even if Defendant is correct that Plaintiff's individual claim is not viable because it seeks to enforce an unconstitutional statutory provision.

> Although not expressly briefed as a Rule 12(b)(6) motion, the Court also found Justice Kavanaugh's treatment of the issue raised in Defendant's [*6] Motion to Dismiss persuasive and concluded that Plaintiff's 1st AC stated a viable federal claim for a violation of the TCPA. Defendant now seeks certification of an interlocutory appeal of this Court's denial of Defendant's Motion to Dismiss…
>
> As the Court explained in denying the Motion to Dismiss, the class period alleged in the 1st AC extends through the date of class certification, which has not occurred yet, and therefore encompasses a time period during which Defendant admits that the TCPA may be constitutionally enforced against it. Accordingly, should a class be certified, even an interlocutory ruling in Defendant's favor on the non-enforceability of the TCPA for the period prior to the Supreme Court's AAPC decision would, at most, limit the claims of the class, [*8] but would not fully resolve the litigation. Defendant therefore fails to establish that its contemplated interlocutory appeal presents a controlling question of law or that an immediate appeal would materially advance the litigation. Additionally, should the Court deny Plaintiff's contemplated Motion for Class Certification, and this case proceed only on Plaintiff's individual claim, the minimal damages available for a single plaintiff pursuing a TCPA claim who received just a handful of calls and text messages before asking for the calls to stop, does not present the type of "exceptional" situation that would justify an interlocutory appeal.

Similar to the circumstances here, the class period alleged in this action extends through the *Barr* decision and in the event class certification is denied, the Plaintiff's $1,500 claim would not be worthy of an interlocutory appeal.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion.

Dated: July 20, 2021          PLAINTIFF, individually and
                              on behalf of others similarly situated,

                              By:

DAVE MAXFIELD, ATTORNEY, LLC


By: *s/   David A. Maxfield*
　　David A. Maxfield
　　Federal Bar No. 6293
　　Post Office Box 11865
　　Columbia, SC 29211
　　(803) 509-6800

**OF COUNSEL**

PARONICH LAW, P.C.
Anthony I. Paronich
*Admitted Pro Hac Vice*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510

MURRAY MURPHY MOUL + BASIL LLP
Brian K. Murphy
*Admitted Pro Hac Vice*
Jonathan P. Misny
*Admitted Pro Hac Vice*
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400

*Attorneys for Plaintiff James Van Connor*


**CERTIFICATE OF SERVICE**

　　　I HEREBY CERTIFY that on July 20, 21, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

　　　　　　　　　　　　　　　　*s/       David A. Maxfield*
　　　　　　　　　　　　　　　　　David A. Maxfield