IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Van Connor, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>One Life America, Inc.; Independent Order of Foresters; Mark Adams; and Niche Market Insurers Agency, Inc.,<br><br>Defendants. | C/A No. 6:19-cv-03283-DCC<br><br><br><br><br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant Independent Order of Foresters' ("Foresters") Motion to Amend and Certify the Court's June 29, 2021, Order ("the June Order") (ECF No. 162) for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) and for a Stay Pending Appeal. ECF No. 163. For the reasons set forth below, the Motion is denied.

## BACKGROUND

James Van Connor ("Plaintiff") brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which makes it unlawful for any person to make automated, artificial or prerecorded calls ("robocalls") to cell phones or residential phone lines. *Id*. §§ 227(b)(1)(A)(iii), 227(b)(1)(B). Plaintiff alleges that on July 23, 2019, Defendant Mark Adams ("Adams") called his cell phone with a pre-recorded message regarding Foresters' insurance services. ECF No. 41 ¶¶ 28–37. Plaintiff further alleges that Foresters contracted with Defendant One Life America, Inc. ("One Life") to

sell insurance on its behalf; that One Life partnered with Defendant Niche Market Insurers Agency, Inc. ("Niche Market") to carry out its arrangement with Foresters; and that Niche Market did so by using Adams to make pre-recorded phone calls. *Id*. ¶¶ 15–16, 47–57.

Defendants Foresters, One Life, and Adams filed substantively similar Motions to Dismiss on the basis that the robocall restriction, § 227(b)(1)(A), was unconstitutional and therefore invalid during the relevant time period. ECF Nos. 104, 106, 109. Plaintiff filed responses in opposition, and the Defendants filed replies. ECF Nos. 108, 112, 117, 118, 120. Pursuant to Federal Rule of Civil Procedure 5.1(c), the United States of America intervened and filed a brief in defense of the constitutionality of the challenged statute. ECF No. 139, 140. The Defendants filed additional replies. ECF Nos. 154, 155, 156. This Court denied Defendants' Motions, holding the unamended TCPA remained in effect against parties—like Defendants—who made covered robocalls between 2015 and 2020, and enforcement of the TCPA's robocall restriction during this period does not violate the Constitution.[1] ECF No. 162 at 7, 10, 11. Accordingly, the Court held Plaintiff adequately established subject matter jurisdiction and declined to dismiss his Complaint on the pleadings. ECF No. 162 at 10.

Foresters now moves the Court to amend and certify its Order denying the Motions to Dismiss for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay pending appeal. ECF No. 163. Adams and One Life submitted Responses in Support of

---

[1] Congress amended the TCPA in 2015 to exclude from the general restriction calls "made solely to collect a debt owed to or guaranteed by the United States." Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 588. On July 6, 2020, the United States Supreme Court struck down the 2015 government-debt exception as unconstitutional and severed it from the remainder of the TCPA. *Barr v. Am. Ass'n of Pol. Consultants, Inc.* ("*AAPC*"), 140 S. Ct. 2335, 2344 (2020).

the Motion.[2]  ECF Nos. 164, 165.  Plaintiff filed a Response in Opposition, and Foresters filed a reply.  ECF Nos. 168, 172.

## APPLICABLE LAW

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Under the statute, certification by a district court is appropriate if the district court's order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) immediate appeal may materially advance the ultimate termination of the litigation.  *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011).  "All three elements must be satisfied for certification." *Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc.*, C.A. No. 6:13-1067-HMH, 2013 WL 5946109, at *2 (D.S.C. Nov. 16, 2013); *see also U.S. ex. rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (noting the order being reviewed must involve all three elements); *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").  The decision to certify an order for interlocutory appeal is within the district court's discretion.  *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on

---

[2] The Court notes that Foresters filed the Motion, while Adams and One Life only submitted Responses in Support.  However, for ease of reference, they will be referred to collectively as the "Moving Defendants."

district courts first line discretion to allow interlocutory appeals."). The Fourth Circuit has cautioned that "§ 1292(b) should be used sparingly and thus that its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

## **DISCUSSION**

The Moving Defendants move this Court to certify its June Order for immediate appeal to the United States Court of Appeals for the Fourth Circuit on the issue of whether § 227(b)(1)(A) of the TCPA was unconstitutional during the intervening period between Congress's amendment in 2015 and the *Barr* decision in 2020. ECF No. 163. The Moving Defendants assert this issue should be addressed by the Fourth Circuit because "it presents a pure issue of unsettled law subject to a difference of opinion that would be dispositive of the litigation and potentially result in conserving judicial resources and the resources of the parties." *Id.* at 1–2. The Moving Defendants argue the issue is controlling because if the Court had found it lacked subject matter jurisdiction, the action would have ended. *Id.* at 3. They also allege that a substantial ground for difference of opinion exists, claiming there is a split among district courts, and the Fourth Circuit has not yet considered the issue. *Id.* at 5. Further, they claim an immediate appellate decision in their favor would terminate the litigation. *Id.*

Plaintiff opposes the Motion, arguing the Moving Defendants have failed to meet their burden of demonstrating that there is substantial ground for difference of opinion. ECF No. 168 at 2. Plaintiff contends that the vast majority of federal district courts agree that the TCPA's robocall restriction against non-government-debt collectors remained in effect between 2015 and 2020 and its enforcement does not violate the Constitution. *Id.* at 3. Plaintiff also argues the Moving Defendants' appeal would not fully resolve the

4

litigation because the class period alleged in the Complaint extends through the date of class certification, which has not occurred yet, and encompasses a time period during which the TCPA restriction could still be enforced against Defendants. *Id.* at 5 (citing *Shen v. Tricolor Cal. Auto Grp., LLC*, C.A. No. 20-7419 PA, 2021 WL 1153361, at *5 (C.D. Cal. Feb. 11, 2021)).

As stated earlier, all three criteria of 28 U.S.C. § 1292(b) must be satisfied in order for the Court to certify an order for immediate appeal. If one of the three elements is not met, the Court should not grant certification. Upon review, the Court finds the Motion to Certify the June Order for Interlocutory Appeal should be denied because the Moving Defendants have not demonstrated that there is substantial ground for difference of opinion.

In the June Order, this Court joined the vast majority of other federal district courts, both in this circuit and elsewhere, in finding the TCPA's robocall restriction remained in effect between 2015 and 2020 and its enforcement does not violate the Constitution. ECF No. 162 at 7, 10; *see also id.* at 10 n.4 (collecting federal district court cases holding the restriction's enforcement constitutional). The undersigned also acknowledged that a minority of federal district courts have reached the opposite conclusion. *See id.* at 6. However, "[t]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Michelin N. Am., Inc.*, 2013 WL 5946109, at *5 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Moreover, the United States Court of Appeals for the Sixth Circuit recently considered this issue and agreed with this Court, holding the *Barr* decision applies retroactively and left the unsevered portion of the TCPA's robocall restriction in

effect during the intervening period. *Lindenbaum v. Realgy, LLC*, ___ F.4d ___, 2021 WL 4097320 at *4 (6th Cir. Sept. 9, 2021). The Court therefore finds there is no substantial ground for difference of opinion to warrant certification to the Fourth Circuit for an interlocutory appeal. Based on this finding, the Court need not determine whether the Moving Defendants raise a controlling issue of law or whether an immediate appeal would materially advance the ultimate termination of the litigation. *See, e.g.*, *Cooke-Bates v. Bayer Corp.*, C.A. No. 3:10-cv-261, 2010 WL 4789838 at *2 n.4 (E.D.Va. Nov. 16, 2010) (declining to decide whether the other two criteria of § 1292(b) are satisfied after finding substantial ground for difference of opinion did not exist). Accordingly, the Court denies the Motion to Certify the June Order for Interlocutory Appeal.

## **CONCLUSION**

For the reasons set forth above, the Motion to Amend and Certify the Court's June 29, 2021 Order for Interlocutory Appeal [163] is **DENIED** and the Motion for a Stay Pending Appeal is **DENIED** as moot.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 20, 2021
Spartanburg, South Carolina